[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER (#109)
After hearing held on defendants' motion to strike, it is hereby Ordered:
As to Counts 6, 8, 12, 14 and 18 of the complaint, granted by agreement; as to Counts 13, 15, 16 and 17 of the complaint, granted (see Crocco v. Lieb, 6 Conn. L. Rptr. 426 (1992), citing Zlotoff v. Perugini appended); as to Counts 7, 9, 10 and 11, granted for the following reasons:
"[E]ither spouse has a claim for loss of consortium shown to arise from a personal injury to the other spouse caused by the negligence of a third person. . . ." Hopson v. St. Mary's Hospital,176 Conn. 485, 496 (1979) (underlining added). Emotional distress or mental anguish has been held to be a type of personal injury. Kilduff v. Adams, Inc., 219 Conn. 314, 337 (1991). While the instant cause of action is not founded on negligence, recognition of a tort claim for wrongful discharge finds support in our law. Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471,480 (1980). In the view of this court, there seems no sound reason why a claim for loss of consortium should be denied in the face of such tortious misconduct, as alleged, notwithstanding the absence of a negligence connector. Cf. Krosky v. Bushnell Towers Condo, 7 CSCR 1257, 1258 (1992).
GAFFNEY, J. CT Page 3633